Filed 11/18/21  P. v. Valdes CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B312813 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. TA134222) |
| v. | |
| JOSE ANTONIO VALDES, | |
| Defendant and Appellant. | |

THE COURT:

Jose Antonio Valdes (defendant) appeals the trial court's denial of his motion for relief under Penal Code section 1170.95.[1] Defendant's attorney filed a brief raising no issues and asked this court to independently review the record.  On September 1, 2021, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or

---

[1]    All further statutory references are to the Penal Code unless otherwise indicated.

argument he might wish to have considered. That time has elapsed, and defendant has submitted no brief or letter.

We conclude that the trial court did not err in denying the petition.

## FACTUAL AND PROCEDURAL BACKGROUND

### I.  Facts[2]

#### A.  *The underlying crime*

In April 2012, defendant and a fellow gang member, Maximiliano Guadalupe Murillo (Murillo), drove into rival gang territory. They were joined by a third fellow gang member, Ricardo Virgen (Virgen), who drove separately. The three men came upon a rival gang member, and one of them—namely, Virgen—fired 10 shots from two different firearms, killing him instantly.

#### B.  *Prosecution, conviction, and appeal*

The People charged defendant, Murillo, and Virgen, with murder (§ 187, subd. (a)), and further alleged that the murder was gang related as defined in section 186.22, subdivision (b)(1)(C). The People further alleged that a principal in the crime discharged a firearm (§ 12022.53, subds. (d) & (e)(1)), and that defendant and Virgen had personally discharged a firearm (§ 12022.53, subd. (d)). The matter proceeded to a joint trial. A jury found defendant guilty of second degree murder, and found

---

[2]  We draw these facts from our prior, unpublished appellate opinion affirming defendant's conviction. (*People v. Murillo* (Mar. 8, 2018, B275684).)

the gang allegation and the principal's use of a firearm allegation to be true.[3]

The trial court sentenced defendant to prison for 40 years to life, comprised of 15 years to life for second degree murder plus 25 years to life for a principal's use of a firearm.

Defendant appealed his conviction and, in an unpublished opinion, we affirmed his conviction but struck the portion of his sentence imposing (but staying) the gang enhancement and remanded to allow the trial court to consider its newly conferred discretion to strike the firearm enhancement; on remand, the trial court declined to exercise its discretion.

## II.    Procedural Background

On November 21, 2019, defendant filed a petition seeking resentencing under section 1170.95.  In the form petition, defendant checked the boxes for the allegations that he had been charged with murder, that he was convicted "pursuant to the felony murder rule or the natural and probable consequences doctrine," and that his murder conviction would be invalid under the "changes made to Penal Code §§ 188 and 189, effective January 1, 2019."  The People opposed the petition arguing that defendant was prosecuted as a direct aider and abettor to the murder, and not pursuant to either a felony murder or a natural and probable consequences theory of  culpability.

After appointing counsel for defendant and holding a hearing, the trial court on April 14, 2021, denied defendant's

---

[3]    The jury convicted Virgen of first degree murder and found that he personally discharged a weapon; and convicted Murillo of second degree murder but did not find true the allegation that he personally discharged a firearm.

3

petition on the ground that his jury had not been instructed on any of the legal theories invalidated by section 1170.95.

Defendant timely appealed this denial.

**DISCUSSION**

Defendant's appointed counsel filed an "Opening Brief" in which no arguable issues are raised, and asked this court for an independent review of the record as required by *People v. Wende* (1979) 25 Cal.3d 436. Because defendant appeals from an order denying postconviction relief and because defendant did not avail himself of the right to file a supplemental brief, we may properly dismiss this appeal as abandoned. (*People v. Cole* (2020) 52 Cal.App.5th 1023, 1039-1040, review granted Oct. 14, 2020, S264278.) However, because the Supreme Court has granted review of *Cole* and is also reviewing the question of what procedures this court must follow when counsel determines that an appeal from an order denying postconviction relief lacks arguable merit (*People v. Delgadillo*, review granted Feb. 17, 2021, S266305), we will accept counsel's invitation to conduct a *Wende* review of defendant's appeal in an abundance of caution rather than dismiss the appeal as abandoned.

A person is entitled to relief under section 1170.95 if, as relevant here, (1) "[a] complaint, information, or indictment was filed against [him] that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine," (2) he "was convicted of first degree . . . murder," and (3) he "could not be convicted of first . . . degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).) In January 2019, our Legislature amended section 188 to provide that "in order to be convicted of murder, a principal in a crime shall act

4

with malice aforethought" and that "[m]alice shall not be imputed to a person based solely on his . . . participation in a crime." (§ 188, subd. (a)(3).) Our Legislature's purpose was to ensure that "[a] person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1(g).)

In *People v. Lewis* (2021) 11 Cal.5th 952 (*Lewis*), our Supreme Court held that a person seeking relief under section 1170.95 is entitled to the appointment of counsel (if requested) upon the filing of a facially sufficient petition. (*Lewis*, at pp. 957-958.) If the defendant in his petition "'makes a prima facie showing that he . . . is entitled to relief'" under that section, the trial court "must hold a hearing 'to determine whether to vacate [his] murder conviction'" and to resentence him on any remaining counts. (*Id*. at pp. 957, 960, citing § 1170.95, subds. (c) & (d).) The *Lewis* court held that only *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether the petitioner has made a prima facie showing that he or she is entitled to relief. (*Lewis*, at pp. 970-971.) The court nonetheless concluded that the deprivation of a petitioner's right to counsel under subdivision (c) of section 1170.95 is state law error only, tested for prejudice under *People v. Watson* (1956) 46 Cal.2d 818. (*Id*. at pp. 957-958, 973-974.) On appeal, a petitioner "'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing."'" (*Id*. at p. 974.)

Here, the trial court correctly concluded that defendant did not make out a prima facie case for relief because the record of conviction establishes, as a matter of law, that he is not eligible for relief. A defendant is ineligible for relief under section 1170.95 as a matter of law where "the jury was not instructed on a natural and probable consequences or felony-murder theory of liability." (*People v. Smith* (2020) 49 Cal.App.5th 85, 92, fn. 5, review granted July 22, 2020, S262835.) The trial court did not instruct the jury on either theory with respect to defendant, and he is hence ineligible for relief under section 1170.95.

Having conducted our own examination of the record, we are satisfied that no arguable issue exists which would call into question defendant's ineligibility for resentencing relief under section 1170.95.

## DISPOSITION

The trial court's order is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____

ASHMANN-GERST, Acting P. J., CHAVEZ, J., HOFFSTADT, J.